**SEALED**

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2016 SEP 21  PM 1: 14

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CODY R. CHILDERS,<br><br>Defendant. | 8:16CR 282<br><br>INDICTMENT<br>18 U.S.C. § 2251(a)<br>18 U.S.C. §§ 2251(d)(1)(A) and (e)<br>18 U.S.C. § 2252A(a)(2) |

The Grand Jury charges that

### COUNT I

From on or about September, 2015, and continuing through March, 2016, in the District of Nebraska and elsewhere, CODY R. CHILDERS, the defendant herein did, and attempted to, knowingly employ, use, persuade, induce, entice and coerce C.D., a thirteen-year-old female having a date of birth of December 29, 2002, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported using any means and facility of interstate or foreign commerce and knowing and having reason to know that such visual depiction would be transported in and affecting interstate and foreign commerce and using materials that have been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Section 2251(a).

### COUNT II

From on or about September, 2015, and continuing through March, 2016, in the District of Nebraska, CODY R. CHILDERS, the defendant, did knowingly make, print, and publish, and cause to be made, printed, and published, any notice and advertisement seeking and offering to

1

receive, exchange, produce, display, and distribute, any visual depiction, the production of which visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct; and participation in any act of sexually explicit conduct by and with any minor for the purpose of producing a visual depiction of such conduct; knowing and having reason to know that such notice or advertisement would be transported using any means or facility or interstate or foreign commerce and in or affecting interstate and foreign commerce by any means, including by computer, and such notice and advertisement was transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2251(d)(1)(A) and (e).

## COUNT III

From on or about April, 2015, and continuing through June, 2015, in the District of Nebraska and elsewhere, CODY R. CHILDERS, the defendant herein did, and attempted to, knowingly employ, use, persuade, induce, entice and coerce M.M., a fifteen-year-old female having a date of birth of June 21, 1999, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported using any means and facility of interstate or foreign commerce and knowing and having reason to know that such visual depiction would be transported in and affecting interstate and foreign commerce and using materials that have been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Section 2251(a).

## COUNT IV

From on or about April, 2015, and continuing through June, 2015, in the District of Nebraska, CODY R. CHILDERS, the defendant, did knowingly make, print, and publish, and cause to be made, printed, and published, any notice and advertisement seeking and offering to receive, exchange, produce, display, and distribute, any visual depiction, the production of which visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct; and participation in any act of sexually explicit conduct by and with any minor for the purpose of producing a visual depiction of such conduct; knowing and having reason to know that such notice or advertisement would be transported using any means or facility or interstate or foreign commerce and in or affecting interstate and foreign commerce by any means, including by computer, and such notice and advertisement was transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2251(d)(1)(A) and (e).

## COUNT V

From on or about January, 2016, and continuing through March, 2016, in the District of Nebraska and elsewhere, CODY R. CHILDERS, the defendant herein did, and attempted to, knowingly employ, use, persuade, induce, entice and coerce I.M., a fifteen-year-old female having a date of birth of January 1, 2001, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported using any means and facility of interstate or foreign commerce and knowing and having reason to know that such visual depiction would be transported in and affecting interstate and foreign commerce and using materials that have been

mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Section 2251(a).

## COUNT VI

From on or about January, 2016, and continuing through March, 2016, in the District of Nebraska, CODY R. CHILDERS, the defendant, did knowingly make, print, and publish, and cause to be made, printed, and published, any notice and advertisement seeking and offering to receive, exchange, produce, display, and distribute, any visual depiction, the production of which visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct; and participation in any act of sexually explicit conduct by and with any minor for the purpose of producing a visual depiction of such conduct; knowing and having reason to know that such notice or advertisement would be transported using any means or facility or interstate or foreign commerce and in or affecting interstate and foreign commerce by any means, including by computer, and such notice and advertisement was transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2251(d)(1)(A) and (e).

## COUNT VII

From on or about September 15, 2015, and continuing until on or about July 21, 2016, in the District of Nebraska, CODY R. CHILDERS, the defendant, did knowingly receive and attempt to receive visual depictions, that is digital and computer images in files that had been mailed, shipped and transported in interstate commerce by any means including by computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct and were depictions of such conduct.

4

In violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT VIII

On or about February 2, 2016, in the District of Nebraska, CODY R. CHILDERS, the defendant, did knowingly distribute any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that has been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer; and any material that contains child pornography that has been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Section 2252A(a)(2).

A TRUE BILL.



FOREPERSON

DEBORAH R. GILG
United States Attorney
District of Nebraska

The United States of America requests that trial of this case be held in Omaha, Nebraska, pursuant to the rules of this Court.

MICHAEL P. NORRIS
Assistant U.S. Attorney

5