FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2017 APR 21  PM 3: 26
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16CR282 |
| vs. | PLEA AGREEMENT |
| CODY R. CHILDERS, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Deborah R. Gilg, United States Attorney, and Michael P. Norris, Assistant United States Attorney, and defendant, CODY R. CHILDERS, and Jerry J. Sena, counsel for defendant, as follows:

I

## THE PLEA

A.  CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count I of the Indictment. Count I charges a violation of Title 18, United States Code, Section 2251(a). The defendant further agrees and stipulates that he committed the offense conduct as charged in Count III and Count V of the Indictment. Although not entering a plea of guilty to this conduct, the defendant agrees and acknowledges that the Court will address this conduct for restitution and for sentencing guidelines purposes as though pleas of guilty were entered on these counts.

1. The United States will move to dismiss Counts II through VIII at the time of sentencing.

II

## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1

1. The defendant knowingly employed, used, persuaded, induced, enticed and coerced a minor to engage in sexually explicit conduct for the purpose of producing any visual depictions of such conduct (or attempted to do so);
2. That the individual was a minor; and
3. Knowing or having reason to know any one of the following:
    a. The visual depiction would be transported using any means and facility of interstate or foreign commerce;
    b. That the visual depiction has been mailed, shipped and transported in interstate or foreign commerce including by computer; or
    c. That the visual depiction was transported using a facility of interstate or foreign commerce.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. Defendant was living in Plattsmouth, Nebraska. He engaged in a series of relationships on Facebook with minor girls. During the course of these relationships, defendant would ask for and receive pictures of the minors engaging in sexually explicit activity.
2. C.D. was 13 [handwritten correction over "12"] years old and living in Auburn, Nebraska, when she began sending defendant sexually explicit pictures. She produced and exchanged sexually explicit photos over a six-month period. Defendant specifically asked for and received a picture of C.D. inserting her finger into her vagina. Facebook intercepted the inappropriate chats and reported the illicit activity to NCMEC.
3. M.M. was 15 years old and living in Plattsmouth, Nebraska, when she sent 10 sexually explicit images to defendant. She produced and exchanged the sexually explicit photos on May 26, 2015. Defendant specifically asked for "pics of everything babe, ass, tits and vag" and received naked selfies and a picture of M.M.'s vagina.

4. I.M. was 15 years old and living in Plattsmouth, Nebraska, when she began sending defendant sexually explicit pictures. She produced and exchanged sexually explicit photos over a three-month period. I.M. produced and exchanged images of her vagina with defendant. Defendant would ask her for more and I.M. would oblige.

## III
## PENALTIES

A. COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 30 years in prison; and a mandatory minimum of 15 years;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count and an additional $5,000 special assessment is applicable only to a non-indigent defendant; and
4. A term of supervised release of at least 5 years, and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## SENTENCING ISSUES

A. SENTENCING AGREEMENTS.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a minimum sentence of 15 years but not more than the lesser of the low end of the sentencing guideline range found applicable by the Court or 25 years. The Court retains the discretion to impose any sentence within such range. The Court retains the discretion

3

to impose any length and conditions of supervised release, fine and restitution as it deems appropriate.

This negotiated agreement resolves all issues related to the case and is the appropriate disposition. Defendant waives the right to seek or receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

B.     "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

    (a) As provided in Section I above, (if this is a conditional guilty plea); and

    (b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

    (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

    (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may

prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX
## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X
## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

|  |  |
|---|---|
|  | UNITED STATES OF AMERICA |
|  | DEBORAH R. GILG |
|  | United States Attorney |
| 4/21/17 | *signature* |
| Date | MICHAEL P. NORIS |
|  | ASSISTANT U.S. ATTORNEY |
| 3-14-17 | *Cody Childers* |
| Date | CODY R. CHILDERS |
|  | DEFENDANT |
| 03/14/17 | *signature* |
| Date | JERRY J. SENA |
|  | COUNSEL FOR DEFENDANT |

7