IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16CR282 |
| vs. | |
| CODY R. CHILDERS | ORDER |
| Defendant. | |

This matter is before the Court on Cody R. Childers's ("Childers") Notice of Delayed Filing (Filing No. 43), notifying "this court of the delay in the filing of his Title 28 §2255 [motion]." Childers states "he will not be able to properly prepare any motion with[in] the remainder of his 12 month time frame" because of a delay caused by his previous counsel's actions and Childers's limited access to legal materials. Childers "respectfully request[s] this court acknowledge that any delayed filing should exclude at minimum the 6 month delay created by" his previous counsel.

After careful review, the Court concludes it is without jurisdiction to decide Childers's request. The Court's jurisdiction over Childers's criminal case under 18 U.S.C. § 3231 ended upon the entry of a final judgment, *see United States v. Wahi*, 850 F.3d 296, 300 (7th Cir. 2017), and Childers has not identified any substantive or jurisdictional basis for his request. To this point, Childers has not filed a § 2255 motion. Therefore, whether his notice is construed as requesting an acknowledgement of a potential future exclusion of time or as requesting an extension of time to file a § 2255 motion, Childers has not presented a justiciable case or controversy and seeks an impermissible advisory opinion about a § 2255 action that he has not yet filed. *See*, *e.g.*, *United States v. Asakevich*, 810 F.3d 418, 419-20 (6th Cir. 2016) (explaining a federal court is not authorized to provide "an advisory opinion about whether [a federal prisoner] could obtain an extension for [a § 2255] action not yet in existence and one that may never come into existence"). Although

the Eighth Circuit has not yet decided this issue, most courts of appeal have concluded district courts do not have jurisdiction to decide such a request. *See id.* (collecting cases); *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018). *But see United States v. Thomas*, 713 F.3d 165, 173-174 (3d Cir. 2013). Based on the foregoing, Childers's request for acknowledgment is denied.

Dated this 2nd day of August 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge